(717 P.2d 529)
No. 58,396

In the Interest of A.T.K., JR., *Respondent/Appellant.*

Opinion filed April 17, 1986.

*Michael W. Laster,* of Law Offices of Michael W. Laster, of Overland Park, for the appellant.

*M. Bradley Watson,* assistant district attorney, *Dennis W. Moore,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before REES, P.J., PARKS and BRAZIL, JJ.

PARKS, J.: This appeal presents an issue regarding the proper venue for the dispositional proceedings in a case involving a juvenile offender.

Respondent A.T.K., Jr., was adjudicated a juvenile offender in Johnson County in August 1984. The adjudicating court went on to render disposition in the matter and the respondent appealed contending that venue for the disposition did not lie in Johnson

County. On appeal, this court held, in an unpublished opinion, that respondent's residence for the purposes of K.S.A. 1985 Supp. 38-1605 was in Franklin County and that disposition outside the county could be allowed "only upon motion by the complainant or another person authorized to appeal." Opinion No. 57,405, filed May 31, 1985. The court vacated the judgment of disposition and remanded the matter for further action. The court further directed that if a motion were filed pursuant to 38-1605(c), the district court should hear the motion and make an appropriate finding as to the best interests of the child. On remand, the required motion was filed and the court found that A.T.K., Jr., "has and is now progressing in the structured program at the Youth Center at Topeka, and it is in the Respondent's best interests to complete the program." Respondent once again appeals, contending that the district court erred in granting the State's motion and rendering disposition in Johnson County.

The administration of cases brought under the juvenile offenders code is divided into two stages—the adjudicatory stage and the dispositional stage. Venue for adjudicatory proceedings lies in the county in which the act of the alleged offense was committed. K.S.A. 1985 Supp. 38-1605(a). By contrast, venue for dispositional proceedings is governed by the following provisions:

"(b) Except as provided in subsection (c), venue for dispositional proceedings in any case involving a juvenile alleged to be a juvenile offender shall be in the county of the juvenile's residence or, if the juvenile is not a resident of this state, in the county where the alleged offense was committed. When the dispositional hearing is to be held in a county other than the county where the alleged offense was committed, the adjudicating judge shall transmit the record of the adjudicatory hearing, and recommendations as to disposition, to the court where the dispositional hearing is to be held.

"(c) If the adjudicatory hearing is held in a county other than the county of the juvenile's residence, the dispositional hearing may be held in the county in which the adjudicatory hearing is held if the adjudicating judge, *upon motion by the complainant or any person authorized to appeal*, finds that it is in the best interests of the juvenile offender and the community that the dispositional hearing be held in the county where the act was committed." (Emphasis added.) K.S.A. 1985 Supp. 38-1605(b) and (c).

The divergence in the statutory treatment of venue for the two stages of a juvenile offender proceeding reflects the differences in the purpose of the procedural stages. The adjudicatory phase of the proceeding is concerned with whether there is proof that

the juvenile committed the charged offense. K.S.A. 1985 Supp. 38-1655. Accordingly, the adjudicatory hearing should be held in the county in which the evidence bearing on that proof is most likely to be found. On the other hand, the dispositional phase of the proceedings is directed to securing for the juvenile "the care, custody, guidance, control and discipline, preferably in the juvenile's own home, as will best serve the juvenile's rehabilitation and the protection of society." K.S.A. 1985 Supp. 38-1601. Thus, the provisions of K.S.A. 1985 Supp. 38-1605(b) and (c) reflect the legislative conclusion that the information to make a disposition appropriate to carry out this goal is most likely to be found in the juvenile's resident county. It is only when the adjudicating judge finds that "it is in the best interests of the juvenile offender and the community that the dispositional hearing be held in the county where the act was committed" that the venue may properly lie outside the juvenile's resident county. Therefore, the statute contemplates that the adjudicating court will engage in a separate and distinct level of deliberation on the propriety of the venue before engaging in any consideration of the proper disposition to be imposed on a nonresident juvenile.

It was determined in the earlier appeal of this case that the respondent's residence is in Franklin County. For the Johnson County District Court in which respondent was adjudicated to be a juvenile offender to also be the locus of the dispositional decision, the court had to find that it would be in the best interests of the juvenile and community for it to impose disposition. No such finding was made; the court simply found that the disposition imposed earlier continued to be in the juvenile's best interests. Therefore, in the absence of such a finding, the district court's retention of venue for the purposes of disposition was erroneous.

In considering the best interests of the juvenile and the community for the purposes of deciding whether the adjudicating court had proper venue to hold a dispositional hearing, the court should consider the juvenile's past, present and future contacts with both his resident county and the county in which the offense took place. Since the aim of the disposition should be to place the juvenile in a situation which will best serve both his rehabilitation needs and the protection of the community, the

rendering of disposition is not a singular event. The court has available a number of alternatives to choose from in announcing an immediate disposition, including the commitment of the juvenile to the custody of a parent or other person, a youth residential facility or the Secretary of Social and Rehabilitation Services. K.S.A. 1985 Supp. 38-1663. However, the dispositional court retains authority and responsibility to modify the agent or terms of custody (K.S.A. 1985 Supp. 38-1665) and to revoke a placement or probation. K.S.A. 1985 Supp. 38-1666. In addition, even while the juvenile is in the custody of the Secretary, the court maintains oversight such that the Secretary must regularly report the conditions of any continuing custody arrangements. K.S.A. 1985 Supp. 38-1664(c). The Secretary is also obliged to notify the court prior to returning a juvenile to the home from which he was removed when the dispositional court recommended an out-of-home placement. K.S.A. 1985 Supp. 38-1664(a). Therefore, in deciding whether the interests of the juvenile offender and the community would best be served by the imposition of disposition in the county of adjudication rather than the county of the juvenile's residence, where different, the court must consider the past and prospective contacts of the juvenile with each county and the court's own ability to oversee the entire dispositional process.

The judgment of the trial court is vacated and the matter is remanded for a finding whether it is in the best interests of the juvenile offender and community that the dispositional hearing be held in Johnson County. If the finding required by K.S.A. 1985 Supp. 38-1605(c) is not filed within 30 days from the filing of the mandate of this case, the case should be transferred to Franklin County for a dispositional hearing as provided in K.S.A. 1985 Supp. 38-1605(b).